IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


HOWARD L. HILL, II,                      :

       Petitioner               :          CIVIL NO. 3:CV-12-2268

   v.                                    :
                             (Judge Conaboy)
                                           :

ERIC HOLDER, ET AL.,                     :

       Respondents              :

FILED
SCRANTON

NOV 16 2012

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

    This pro se petition for writ of habeas corpus pursuant to 28
U.S.C. § 2241 was initiated by Howard L. Hill, II, an inmate
presently confined at the United States Penitentiary, Lewisburg,
Pennsylvania (USP-Lewisburg).  Petitioner has also filed a request
for leave to proceed in forma pauperis.  See Doc. 2.

    Named as Respondents are Attorney General Eric Holder;
Director Charles E. Samuels, Assistant Director D. Scott Dodrill,
and General Counsel Harrell Watts of the Federal Bureau of Prisons
(BOP); as well as USP-Lewisburg Warden J. E. Thomas.  For the
reasons outlined below, Petitioner will be granted leave to proceed
in forma pauperis for the sole purpose of the filing of this
matter, however, his petition will be denied without prejudice to
any right Hill may have to reassert his present claims in a

1

properly filed civil rights complaint.

Petitioner does not challenge the legality of his criminal conviction, the resulting sentence or the execution of his sentence. Rather, Hill describes himself as being "a Mental Health Prisoner" who was placed in the Special Management Unit (SMU) upon his May, 2011 transfer to USP-Lewisburg.[1] Doc. 1, p. 2. The Petition claims entitlement to federal habeas corpus relief on the basis that Hill's ongoing SMU placement is unlawful under the Administrative Procedures Act (APA).[2]

Specifically, Petitioner asserts that the creation of the SMU was a final agency action which was undertaken by the BOP without proper publication, notice, and an opportunity for public comment as required by the APA. In addition, Petitioner sets forth a laundry list of alleged SMU deficiencies including the following: failure to provide a separate area for mentally ill prisoners; inadequate mental health assessments; no implementation of chronic care clinics; failure to attempt least restrictive intervention

---

[1] The Petition indicates that Hill's transfer to USP-Lewisburg and subsequent SMU placement resulted from a disciplinary charge he received at his former place of incarceration. See Doc. 1, p. 4. However, there is no contention that Petitioner was sanctioned to a loss of good conduct time.

[2] The APA "makes reviewable any final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704; Foehl v. United States, 238 F.3d 474, 477 n.3 (3d Cir. 2001). Clearly, the BOP is a federal agency.
However, suit under the APA is not available to a federal prisoner with respect to challenges to BOP decisions regarding inmate housing determinations. See Brown v. Bureau of Prisons, 602 F.Supp.2d 173, 176 (D.D.C. March 16, 2009); Doe v. Wooten, 2009 WL 900994 (N.D. Ga. March 20, 2009) *7.

2

before using force; emergency psychiatric medication is not provided; follow up assessments are not performed; inadequate health care; prescribed medications are ignored; and mental health consultations are not done privately.

Hill seeks declaratory and injunctive relief including his immediate removal from SMU confinement and placement in general population.

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the

3

petition itself. . . ." <u>Gorko v. Holt</u>, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting <u>Allen v. Perini</u>, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002). In <u>Suggs v. Bureau of Prisons</u>, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in <u>Woodall</u> that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." <u>Hairston v. Grondolsky</u>, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

From a careful review of the petition, it is clear that Hill does not claim entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. He is simply not raising a claim related to the execution of his sentence as contemplated in <u>Woodall</u>. Rather, based on the grounds asserted in his petition, Petitioner challenges only the legality of the SMU program and the conditions

4

of his confinement therein.

The Petition does not allege that the purportedly improper actions taken by prison officials included a loss of good time credits or otherwise extended the length of Hill's confinement. Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Hill's incarceration. See Fiore v. Lindsay, 336 Fed. Appx. 168, 170 (3d Cir. 2009)(forms of prison discipline other then a loss of good time credit may not be pursued under § 2241); Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.)(alleged improper placement in administrative confinement is not a basis for relief under § 2241). Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).[3]

Consequently, the petition will be denied as meritless without prejudice to any right Hill may have to reassert his present claims in a properly filed civil rights complaint.[4] See David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.); Wool v. York County Prison, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30,

---

[3] Based upon the nature of Hill's allegations and the relief sought, it appears that his claims relating to his SMU placement and the conditions of said confinement should be asserted in a civil rights action.

[4] In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Hill may file based upon the facts asserted herein.

1998) (McClure, J.); and <u>Hewlett v. Holland</u>, Civ. A. No. 3:CV-96-
1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because
the petitioner will not be allowed to elude the filing fee
requirements of the PLRA [Prison Litigation Reform Act], his claims
will be dismissed, without prejudice, as they are not <u>habeas</u> <u>corpus</u>
claims, but rather claims relating to the conditions of his
confinement that should more appropriately be brought under the
Civil Rights Acts."). An appropriate Order will enter.


RICHARD P. CONABOY
United States District Judge


DATED: NOVEMBER 15th, 2012